**UNDER SEAL**

FILED
CHARLOTTE, NC

AUG 19 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br><br>**CAMERON LAMAR MCVAY** | **DOCKET NO.** 3:25-cr-233-MOC<br><br><br>**Violations:** 21 U.S.C. § 841(a)(1) |

## THE GRAND JURY CHARGES:

### COUNT ONE
*(Distribution of Fentanyl)*

On or about September 4, 2024 in Mecklenburg County, within the Western District of North Carolina, the defendant,

### CAMERON LAMAR MCVAY

did knowingly and intentionally distribute a mixture and substance containing a detectable amount of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT TWO
*(Distribution of Fentanyl)*

On or about September 10, 2024 in Mecklenburg County, within the Western District of North Carolina, the defendant,

### CAMERON LAMAR MCVAY

did knowingly and intentionally distribute a mixture and substance containing a detectable amount of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE
### *(Distribution of 50grams or more of Methamphetamine)*

On or about November 5, 2024 in Mecklenburg County, within the Western District of North Carolina, the defendant,

## CAMERON LAMAR MCVAY

did knowingly and intentionally distribute a quantity fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## NOTICE OF FORFEITURE

Notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

a.  All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b.  All property used or intended to be used in any manner or part to commit or facilitate such violations;

c.  Any firearms or ammunition involved or used in such violations; and

d.  If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendants to the extent of the value of the property described in (a), (b), and (c).

A TRUE BILL:



FOREPERSON

2

RUSS FERGUSON
UNITED STATES ATTORNEY


TIMOTHY SIELAFF
ASSISTANT UNITED STATES ATTORNEY